IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| THOMAS SPANO, | ) | CIVIL ACTION NO. 3:16-CV-245 |
|---|---|---|
| | ) | |
| | ) | |
| Plaintiff, | ) | JUDGE KIM R. GIBSON |
| | ) | |
| v. | ) | |
| | ) | |
| CSX TRANSPORTATION, INC., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

### I. Introduction

Pending before the Court is Plaintiff Thomas Spano's Motion for Partial Summary Judgment (ECF No. 32). The motion has been fully briefed (*see* ECF Nos. 33, 34, 35) and is ripe for disposition. For the reasons that follow, the Court will **deny** Plaintiff's motion.

### II. Jurisdiction

The Court has jurisdiction over Plaintiff's claims under 28 U.S.C. § 1331 because they arise under federal law. Venue is proper under 45 U.S.C. §§ 51-60 because the cause of action arose in the Western District of Pennsylvania.

## III. Background

### A. Factual Background[1]

The following facts are undisputed unless otherwise noted.[2]

Plaintiff is a train conductor. (ECF No. 32 at ¶ 2; ECF No. 34 at ¶ 2.) On January 17, 2014, Plaintiff was operating a train for Defendant CSX Transportation, Inc. ("CSX") (ECF No. 32 at ¶ 2; ECF No. 34 at ¶ 2) that was pushing another CSX train car up a mountain. (ECF No. 32 at ¶ 4; ECF No. 34 at ¶ 4.) Without warning, the couplers[3] that connect the two train cars

---

[1] The Court derives these facts from Plaintiff's Motion for Partial Summary Judgment (ECF No. 32), Plaintiff's Memorandum of Law in Support of Plaintiff's Motion for Partial Summary Judgment (ECF No. 33), Defendant CSX Transportation, Inc.'s Responsive Concise Statement of Material Facts (ECF No. 34), and Defendant CSX Transportation, Inc.'s Memorandum of Law in Opposition to Plaintiff's Partial Motion for Summary Judgment (ECF No. 35). The Court notes that Plaintiff did not file a Concise Statement of Material Facts in support of his Motion for Partial Summary Judgment, as explained in fn, 2, *infra*.

[2] The Court motes that Plaintiff failed to comply with both the Local Rules of Court of the United States District Court for the Western District of Pennsylvania and the Practices and Procedures of this Chambers because he failed to file a concise statement of material facts in support of his motion for summary judgment. Local Rule 56(B)-(C) and this Chamber's Practices and Procedures require that the parties file a concise statement of material facts that contains numbered paragraphs and citations to particular parts of the record. *See* LCvR 56(B) and (C), http://www.pawd.uscourts.gov/sites/pawd/files/local_rules/lrmanual_0.pdf; Practices and Procedures of Judge Kim R. Gibson, at 27-29, http://www.pawd.uscourts.gov/sites/pawd/files/ gibson_pp_0.pdf. This Court expects parties to adhere to its rules, especially those that emphasize their mandatory nature through the repeated use of "must," "shall," and "strict compliance." *See* LCvR 56(B) and (C) (using "must" and "shall"); Practices and Procedures of Judge Kim R. Gibson, at 27-29 (using "shall" 12 times and "strict compliance" twice). This Court asks Plaintiff to diligently review and adhere to this Court's Local Rules and Practices and Procedures in the future. Failure to comply with these rules does not go without consequence and drains the Court's limited time and resources. *See, e.g., Wylie v. TransUnion, LLC*, Case No. 3:16-cv-102, 2017 WL 4357981, at *4-*8 (W.D. Pa. Sept. 29, 2017) (deeming the facts included in movant's concise statement of material facts to be admitted because non-movant failed to adhere to Local Rule 56 by filing a responsive statement); Practices and Procedures of Judge Kim R. Gibson, at 27-29 ("All material facts set forth in the Movant's Concise Statement of Undisputed Material Facts shall be deemed admitted for the purposes of summary judgment unless specifically controverted as set forth herein.").

[3] As the Supreme Court has explained,
> Railroad cars in a train are connected by couplers located at both ends of each car. A coupler consists of a knuckle joined to the end of a drawbar, which itself is fastened to a housing mechanism on the car. A knuckle is a claim that interlocks with its

2

malfunctioned, causing the emergency brakes in Plaintiff's train to activate. (ECF No. 32 at ¶ 4; ECF No. 34 at ¶ 4.) CSX owns the train whose couplers malfunctioned. (ECF No. 32 at ¶ 4; ECF No. 34 at ¶ 4; ECF No. 34 at 5.)

Plaintiff asserts that he was standing up when the emergency brakes activated because Justin Widmer, the train's engineer, had ordered him to go outside. (ECF No. 32 at ¶ 3) Plaintiff claims that the application of the emergency brakes caused him to be "thrown violently backwards" and strike his head on the train's windshield. (ECF No. 32 at ¶ 4.) Plaintiff states that he sustained severe injuries, including a concussion, a cervical sprain and/or strain, a contusion, and post-concussion headaches. (*Id.*)

CSX denies that Plaintiff fell inside the train car and maintains that Plaintiff did not suffer any injuries as a result of the couplers' malfunction. (ECF No. 34 at 5.) In support of its position that Plaintiff did not actually sustain an injury on January 17, 2014, CSX produced an affidavit from Mr. Widmer (the engineer) who attests that Plaintiff never hit his head nor mentioned hitting his head. (*Id.*) Widmer also asserts that, after the incident, Plaintiff proclaimed, "too bad I couldn't have got hurt. I could have got some money." (ECF No. 34-1.)

## B. Procedural Background

Plaintiff brings two claims against CSX: (1) a claim under the Federal Employer's Liability Act ("FELA") and (2) a claim under the Federal Railroad Safety Act ("FSRA"). (*See* ECF No. 1.) Plaintiff moves for partial summary judgment on the FELA claim only. (*See* ECF No. 32.)

---

mate, just as two cupped hands-placed palms together with the fingertips pointing in opposite directions interlock when the fingers are curled. When cars come together, the open knuckle on one car engages a closed knuckle on the other car, automatically coupling the cars.

*Norfolk & W. Ry. Co. v. Hiles*, 516 U.S. 400, 401–02 (1996).

Plaintiff's argument is summarized as follows:

1. The Federal Safety Appliance Act ("FSAA") provides that trains may only operate on rail lines if the trains are equipped with "couplers coupling automatically by impact, and capable of being uncoupled, without the necessity of individuals going between the ends of the vehicles . . . ." 49 U.S.C. § 20302. CSX admits that couplers on one of its rail cars malfunctioned. (*See* ECF No. 1 at 2.) Therefore, CSX concedes that it violated the FSAA. (ECF No. 33 at 5-6.)

2. FELA precludes consideration of an employee's contributory negligence "in any case where the violation by such common carrier of any statute enacted for the safety of employees contributed to the injury or death of such employee." 45 U.S.C. § 53. As CSX admits that its couplers malfunctioned, CSX also concedes it violated the FSSA. Accordingly, CSX is prohibited from offering evidence that Plaintiff was contributorily negligent. Therefore, the Court should grant summary judgment for Plaintiff on the issue of liability regarding his FELA claim. Only the issue of damages remains. (ECF No. 33 at 5-6.)

In response, CSX asserts that Plaintiff has failed to establish causation. (ECF No. 35 at 4.) CSX contends that causation is an essential element of Plaintiff's *prima facie* claim under the FELA. (*Id.*) In fact, CSX denies that Plaintiff suffered any work-related injury. (ECF No. 35 at ¶ 10.) CSX further asserts that it has produced evidence to support its position that Plaintiff did not suffer a work-related injury—the affidavit from the engineer who was in the train with Plaintiff when the emergency brakes activated and who denies that Plaintiff ever struck his head. (*Id.* at 5.) CSX argues that this dispute about causation constitutes a genuine issue of

4

material fact that precludes the Court from granting Plaintiff summary judgment on his FELA claim. (*Id.* at 6.)

## IV.  Legal Standard

### A.  Summary Judgment

"Summary judgment is appropriate only where . . . there is no genuine issue as to any material fact . . . and the moving party is entitled to judgment as a matter of law." *Melrose, Inc. v. Pittsburgh*, 613 F.3d 380, 387 (3d Cir. 2010) (quoting *Ruehl v. Viacom, Inc.*, 500 F.3d 375, 380 n.6 (3d Cir. 2007)); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(a). Issues of fact are genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see also McGreevy v. Stroup*, 413 F.3d 359, 363 (3d Cir. 2005). Material facts are those that will affect the outcome of the trial under governing law. *Anderson*, 477 U.S. at 248. The Court's role is "not to weigh the evidence or to determine the truth of the matter, but only to determine whether the evidence of record is such that a reasonable jury could return a verdict for the nonmoving party." *Am. Eagle Outfitters v. Lyle & Scott Ltd.*, 584 F.3d 575, 581 (3d Cir. 2009). "In making this determination, 'a court must view the facts in the light most favorable to the nonmoving party and draw all inferences in that party's favor.'" *Farrell v. Planters Lifesavers Co.*, 206 F.3d 271, 278 (3d Cir. 2000) (quoting *Armbruster v. Unisys Corp.*, 32 F.3d 768, 777 (3d Cir. 1994)).

The moving party bears the initial responsibility of stating the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. If the moving party meets this burden, the party opposing summary judgment "may not rest upon the mere allegations or denials" of the pleading, but

"must set forth specific facts showing that there is a genuine issue for trial." *Saldana v. Kmart Corp.*, 260 F.3d 228, 232 (3d Cir. 2001) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 n.11 (1986)). "For an issue to be genuine, the nonmovant needs to supply more than a scintilla of evidence in support of its position—there must be sufficient evidence (not mere allegations) for a reasonable jury to find for the nonmovant." *Coolspring Stone Supply v. Am. States Life Ins. Co.*, 10 F.3d 144, 148 (3d Cir. 1993); *see also Podobnik v. U.S. Postal Serv.*, 409 F.3d 584, 594 (3d Cir. 2005) (noting that a party opposing summary judgment "must present more than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue") (internal quotation marks omitted).

### B. The FELA

Congress "passed [FELA] in 1908 in an effort to provide a tort compensation system for railroad workers who, at that time, experienced among the highest accident rates in United States history." *Hines v. Consol. Rail Corp.*, 926 F.2d 262, 267 (3d Cir. 1991). As Chief Judge Conti aptly noted, FELA "is a negligence statute with an explicitly-stated relaxed standard of causation." *Monheim v. Union R. Co.*, 996 F. Supp. 2d 354, 361 (W.D. Pa. 2014) (Conti, J.) (citing *Consolidated Rail Corp. v. Gottshall*, 512 U.S. 532 (1994)). FELA provides, in relevant part, that:

> Every common carrier by railroad . . . shall be liable in damages to any person suffering injury while he is employed by such carrier . . . for such injury . . . resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment.

45 U.S.C. § 51. As the Supreme Court has observed, section 51's language is "as broad as could be framed." *Urie v. Thompson*, 337 U.S. 163, 181 (1949). Thus, when considering a motion for

summary judgment under FELA, the "test . . . is simply whether the proofs justify with reason the conclusion that employer negligence played any part, *even the slightest*, in producing the injury or death for which damages are sought." *Rogers v. Missouri Pac. R. Co.*, 352 U.S. 500, 506 (1957) (emphasis added); *Outten v. Nat'l R.R. Passenger Corp.*, 928 F.2d 74, 76 (3d Cir. 1991); *Monheim*, 996 F. Supp. 2d at 361.

"[T]o present a prima facie case under the FELA, an employee must establish that: (1) he was injured within the scope of his employment; (2) his employment was in furtherance of the railroad's interstate transportation business; (3) the railroad was negligent; and (4) that negligence played some part in causing the injury for which he seeks compensation." *Monheim*, 996 F. Supp. 2d 354, 361 (citing *Van Gorder v. Grand Trunk W. R.R.*, 509 F.3d 265, 269 (6th Cir. 2007)); *Volner v. Union Pac. R. Co.*, 509 F. App'x 706, 708 (10th Cir. 2013) (articulating same four-pronged test).

"Contributory negligence is not a bar to recovery under FELA, but damages are reduced 'in proportion to the amount of negligence attributable to' the employee." *Norfolk S. Ry. Co. v. Sorrell*, 549 U.S. 158, 160 (2007) (quoting 45 U.S.C. § 53); *see Moncrease v. New Jersey Transit Rail Operations, Inc.*, 175 F. Supp. 3d 405, 411 (D.N.J. 2016). However, the statute explicitly prohibits consideration of an employee's contributory negligence if the employer violated a safety statute:

> [N]o such employee who may be injured or killed shall be held to have been guilty of contributory negligence in any case where the violation by such common carrier of any statute enacted for the safety of employees contributed to the injury or death of such employee.

45 U.S.C. § 53; *see Ries v. Nat'l R.R. Passenger Corp.*, 960 F.2d 1156, 1159 (3d Cir. 1992) ("It is well-settled that the FELA requires a finding of negligence per se when there has been a violation of

7

a safety statute specifically aimed at the railroad industry"); *Eckert v. Aliquippa & S. R. Co.*, 828 F.2d 183, 186 (3d Cir. 1987) (holding that violation of safety statute prohibits consideration of employee's comparative negligence).

## C. The FSAA

The FSAA imposes "an absolute duty on railroad carriers to maintain the required safety equipment on their vehicles." *Beissel v. Pittsburgh & Lake Erie R. Co.*, 801 F.2d 143, 145 (3d Cir. 1986); *Kennedy v. Norfolk S. Ry. Co.*, 553 F. Supp. 2d 516, 521 (W.D. Pa. 2008) (Lancaster, J.). "An employee who is injured by reason of a violation of the FSAA may pursue a cause of action against the railroad pursuant to FELA." *Kennedy*, 553 F. Supp. 2d at 521 (citing *Lilly v. Grand Trunk W. R. Co.*, 317 U.S. 481, 485 (1943)). The FSSA was "enacted for the safety of employees." *Eckert*, 828 F.2d at 186; *Kurns v. Chesterton*, No. CIV.A.08-2216, 2009 WL 249769, at *2 (E.D. Pa. Feb. 3, 2009). Therefore, a finder of fact deciding a FELA claim may not consider an injured employee's contributory negligence if the employer violated the FSAA and the employer's violation contributed to the employee's injury. *Eckert*, 828 F.2d at 186.

The FSSA requires, in relevant part, that all rail cars contain "couplers coupling automatically by impact, and capable of being uncoupled, without the necessity of individuals going between the ends of the vehicles . . . ." 49 U.S.C.A. § 20302; *see Illinois Cent. Gulf R. Co. v. Int'l Paper Co.*, 824 F.2d 403, 405 (5th Cir. 1987) (explaining that the FSAA "requires that railroad cars, such as switch engines and hopper cars, couple and uncouple automatically.") Therefore, under the FELA, "contributory negligence is no defense where a plaintiff proves that his injury resulted in whole or in part from the

8

violation of [a] safety provision regarding couplers." *Kennedy*, 553 F. Supp. 2d at 524 (citing *Eckert*, 828 F.2d at 186).

## V. Discussion

The Court will deny Plaintiff's motion for summary judgment. As noted above, an essential element of a FELA claim is that the employee "was injured within the scope of his employment . . . ." *Monheim*, 996 F. Supp. 2d at 361. Plaintiff contends that he suffered injuries due to a defective coupler while working on a CSX train. (ECF No. 32 at ¶ 4.) CSX has presented evidence that Plaintiff did not strike his head or otherwise sustain any injuries. (*See* Affidavit of Justin P. Widmer, ECF No. 34-1.) Thus, the parties disagree about whether Plaintiff suffered any injury within the scope of his employment. The jury—not the Court—must resolve this factual dispute. *See Magelky v. BNSF Ry. Co.*, 491 F. Supp. 2d 882, 891 (D.N.D. 2007) (denying the plaintiff's motion for summary judgment on FELA claim when employee alleged that railroad violated the FSAA due to defective couplers because "[t]here are disputed factual issues concerning whether a 'slip-and-fall' even occurred."); *see also Kennedy*, 553 F. Supp. 2d at 524 (Lancaster, J.) (denying the plaintiff's motion for summary judgment on FELA claim because "the parties set forth competing theories as to whether, on the date of the accident, plaintiff's injury resulted in whole or in part from the improper operation of any coupling mechanism.").

Considering the facts in the light most favorable to CSX and drawing all reasonable inferences in its favor, the Court finds that a reasonable jury could conclude that Plaintiff never suffered any injuries within the scope of his employment. Thus, the Court finds that a genuine dispute of material fact exists that precludes granting summary judgment in favor of Plaintiff. Therefore, the Court will deny Plaintiff's motion for partial summary judgment.

9

The Court rejects Plaintiff's implicit[4] argument that he has proven causation—and therefore must prevail as a matter of law on his FELA claim—simply because CSX has admitted that its couplers malfunctioned. This truncated reasoning ignores the fundamental requirement that, to recover under the FELA, Plaintiff prove that he *actually suffered a workplace injury*. Merely identifying a FSAA violation is insufficient. The Court further notes that the cases upon which Plaintiff relies are inapposite because the plaintiffs in those cases were found to have sustained injuries during the course of their employment. *See Grand Trunk W. Ry. Co. v. Lindsay*, 233 U.S. 42, 44-45 (1914) (noting that "[t]he proof showed" that plaintiff's "arm was crushed."); *Martinez v. Burlington N. & Santa Fe Ry. Corp.*, 276 F. Supp. 2d 920, 922 (N.D. Ill. 2003) (granting summary judgment for the plaintiff regarding liability on FELA claim when train "ran over his right foot severely crushing it and permanently injuring him.")

## VI. Conclusion

While Plaintiff correctly argues that CSX's violation of the FSAA precludes consideration of Plaintiff's contributory negligence on his FELA claim, Plaintiff fails to appreciate that the mere fact of an FSAA violation does not extinguish Plaintiff's burden to prove that he sustained an injury within the scope of his employment. Because CSX disputes that Plaintiff suffered a workplace injury, and has presented evidence to support its assertion, a genuine dispute of material fact exists. Therefore, the Court will **deny** Plaintiff's partial motion for summary judgment.

---

[4] The Court characterizes Plaintiff's argument as "implicit" because Plaintiff did not address causation in his Memorandum of Law in Support of Plaintiff's Motion for Partial Summary Judgment (ECF No. 33) and never filed a reply to CSX's opposition brief. By failing to discuss causation, Plaintiff implicitly argues that the mere fact of an FSAA violation justifies granting summary judgment to Plaintiff on his FELA claim, regardless of whether Plaintiff actually suffered an injury as a result of the FSAA violation.

10

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| THOMAS SPANO | ) | CIVIL ACTION NO. 3:16-CV-245 |
| --- | --- | --- |
| | ) | |
| | ) | |
| Plaintiff, | ) | JUDGE KIM R. GIBSON |
| | ) | |
| v. | ) | |
| | ) | |
| CSX TRANSPORTATION, INC. | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

**AND NOW**, this 1st day of February 2018, upon consideration of Plaintiff's Motion for Partial Summary Judgment (ECF No. 32) and in accordance with the accompanying Memorandum Opinion, **IT IS HEREBY ORDERED** that Plaintiff's Motion is **DENIED**.

BY THE COURT:

KIM R. GIBSON
UNITED STATES DISTRICT JUDGE